[Crim. No. 2859.    Third Dist.    Oct. 29, 1958.]

THE PEOPLE, Respondent, v. ADOLPH GUIDI et al.,
Defendants; JOHN DANKO, Appellant.

Richard F. Barbeau, under appointment by the District
Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier
and William O. Minor, Deputy Attorneys General, for Re-
spondent.

SCHOTTKY, J.—Appellant, John Danko, and one Adolph
Guidi were charged by information with the crime of robbery,
it being alleged that on October 27, 1957, they did wilfully,
unlawfully, feloniously and forcibly take Three Hundred
Fifty-one Dollars ($351.00) in money from Al Gonsalves,
and that they were at the time armed with a .45-calibre Colt
revolver. Both Danko and Guidi pleaded not guilty, but prior
to the date set for the trial Guidi withdrew his plea of not

guilty and entered a plea of guilty. Appellant Danko was tried alone, and the jury returned a verdict of guilty of robbery in the first degree. Judgment was pronounced, and Danko has appealed from the judgment.

The only contention made upon this appeal is that the evidence is insufficient to support the judgment. Before discussing this contention, we shall summarize briefly the evidence as shown by the record.

Alfred M. Gonsalves, a part owner of a tavern located at 2333 S Street in the city of Sacramento, was in his office about 10:30 a.m., October 27, 1957, when he was confronted by a man whose face was covered with a handkerchief. The man, who had a gun, demanded money. Gonsalves gave the man a cigar box which contained checks stamped for deposit, a lady's wrist watch, currency and coin. The robber threw the checks on the floor, retained the other items, and forced Gonsalves out of the office. The robber took some surplus change out of another cigar box and then compelled Gonsalves to empty the cash register. He then forced Gonsalves and two other men into a storeroom where he made them lie down on the floor. The robber then fled.

About this time a Mrs. Verna Murphy was driving west on S Street, near 24th Street. She saw a man running down S Street and saw him jump into a bluish-grey sedan. The car was then driven away. She became suspicious and memorized the license number and stopped her car. Soon two other men came running down the street and she asked them if they were looking for a car and she gave them the license number of the bluish-grey sedan.

Two friends of Gonsalves entered the bar on the morning of October 27, 1957. Before they entered they noticed a 1949 Hudson parked on the street. The motor was running, and there was someone in the vehicle. As they entered the bar a man came out. They entered the bar, learned of the robbery, rushed out, and observed the man who had come out of the bar jump into the Hudson. They got into their car, obtained the license number of the car from a woman, and pursued the Hudson. The Hudson was kept in sight most of the time except at the very end of the chase when they lost it, but after circling the block they saw the Hudson parked in an alley. They drove down the alley, parked their car, and then one of them called the police.

Appellant and one Guidi were seen leaving the car by three

witnesses. One testified that Guidi was driving the car. Two testified that the two men entered the home of a Clyde Mead.

The police found appellant and Guidi in a bedroom of Mead's home. Appellant was on the bed, and Guidi was lying on the floor under it. The police searched the room and found money in the bed, under the mattress, and under a blanket on the bed. They also found money and a lady's wrist watch in a cigar box on a chair which was covered with clothes. Sixty dollars were found in appellant's pocket. A loaded gun was also found in another room. The total amount of money found was $383.37; the total taken from the bar was $385.84. The watch was identified by its owner as the one she had left at the bar.

Guidi, who was the sole witness called by the defense, testified that he had committed the robbery by himself. He also testified that appellant entered his car just before he entered the alley. No one was able to identify appellant as the man in the Hudson when it was parked near the tavern.

Appellant contends that there is such a dearth of evidence connecting appellant to the commission of the offense as to make his conviction an injustice. Appellant argues that of all the witnesses who testified for the prosecution, not one identified appellant as the man who robbed the tavern owner. Appellant argues also that the jury was not entitled to disregard the uncontradicted testimony of Guidi that appellant was in no way connected with the robbery.

We are unable to agree with appellant that the evidence is insufficient to support the conviction. Gonsalves' testimony establishes an armed robbery. If the evidence is sufficient to connect appellant with it he would be subject to the same punishment as the actual robber. Conceding that no one could identify appellant as a participant, the question is whether there was sufficient evidence from which the jury could infer that he was. There was ample testimony that there was a person in the Hudson automobile before Guidi entered it after the robbery. The Hudson was followed immediately after it was driven away, and the pursuers did not lose sight of it for any appreciable length of time. There was evidence that after the Hudson was parked in the alley two men got out of it and entered Mead's home. Mead testified that Guidi and appellant entered his home together. Appellant and Guidi were found in a room together where the watch and the approximate amount of money taken in the robbery were found. Considering that at least one item was definitely

identified as coming from the place of the robbery, the time factor, and the fact that one man was waiting in the car which was used in the robbery and the fact that Guidi and appellant were together when the Hudson arrived in the alley, the jury could conclude that appellant was a participant. Guidi's testimony that appellant had no part in the robbery was refuted by the testimony of the other witnesses, and the jury was not required to believe Guidi's testimony in the face of the other testimony from which the jury could well conclude that appellant was the man who was in the get-away car and drove it away after Guidi got into it. Furthermore, it is to be noted that appellant did not take the witness stand.

We are satisfied from a review of the entire record that the appellant received a fair and impartial trial and that the evidence is ample to support his conviction of robbery in the first degree.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.